MICHAEL W. MELENDEZ
Nevada Bar No. 6741
COZEN O'CONNOR
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Tel:    702-470-2330
Fax:    702-470-2370
Email: mmelendez@cozen.com

Attorneys for Defendant
AXIS INSURANCE COMPANY, erroneously
sued as AXIS SURPLUS INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED CONSTRUCTION COMPANY, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>AXIS SURPLUS INSURANCE CO., an Illinois domiciled surplus lines insurer; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>**UNDER 28 U.S.C. § 1441(B) DIVERSITY** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant hereby removes to this Court the state court action described below.

1.     On April 1, 2022, an action was commenced in the Second Judicial District Court of the State of Nevada and for the County of Washoe entitled *United Construction Co. v. AXIS Surplus Insurance Co., et al.*, as Case Number CV22-00537.  A copy of the complaint is attached hereto as Exhibit "A".

2.     The first date upon which defendant, AXIS Insurance Company, erroneously sued as AXIS Surplus Insurance Company ("defendant") received a copy of the said complaint was

April 29, 2022, when defendant was served with a copy of the said complaint and a summons from the said state court. A copy of the summons is attached hereto as Exhibit "B".

3. This section is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because plaintiff has alleged (Compl. ¶ 14) it is contractually entitled to fees and costs that "exceed $100,000."

4. Complete diversity of citizenship exists in that Plaintiff United Construction Company is a corporation incorporated under the laws of the State of Nevada and having its principal place of business the State of Nevada and, Defendant AXIS Insurance Company is a corporation incorporated under the laws of the State of Illinois and having its principal place of business in the State of Georgia and is the only defendant that has been served with summons and complaint in this action.

Dated:   May 31, 2022                                COZEN O'CONNOR

By: _____
Michael W. Melendez
Nevada Bar No. 6741
COZEN O'CONNOR
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169

*Attorneys for Defendant*
AXIS INSURANCE COMPANY, erroneously sued as AXIS SURPLUS INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 31, 2022, the foregoing **NOTICE OF REMOVAL** was served upon the parties in the above-captioned case:

Mark G. Simons, Esq.
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV  89511
Tel: (775) 785-0088
Fax: (775) 785-0087
Email: MSimons@SHJNevada.com
*Attorneys for United Construction Company*

    ☑    **By Electronic Service.**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed.

    ☑    **By First Class Mail.**  I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.  The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Las Vegas, Nevada, in the ordinary course of such business.

Dated: May 31, 2022                                         /s/ Erika C. Calderon
                                                                          Erika Calderon
                                                                     An employee of Cozen O'Connor

# EXHIBIT A

FILED
Electronically
CV22-00537
2022-04-01 11:45:08 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 8977128 : yviloria

$1425
MARK G. SIMONS, ESQ.
Nevada Bar No. 5132
MSimons@SHJNevada.com
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511
Telephone: (775) 785-0088
Facsimile: (775) 785-0087

*Attorneys for United Construction Company*



IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| UNITED CONSTRUCTION COMPANY, a Nevada corporation,<br><br>Plaintiff,<br>v.<br>AXIS SURPLUS INSURANCE CO., an Illinois domiciled surplus lines insurer; and DOES 1-10,<br><br>Defendants. | CASE NO.: CV22-00537<br>DEPT. NO.: 15<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>**EXEMPT FROM ARBITRATION**<br>NAP 3(A); 5(A): in excess of $50,000) |

Plaintiff complains of Defendants and for causes of action as follows:

**PARTIES**

1. Plaintiff United Construction Company is a Nevada corporation ("United").

2. Defendant AXIS Surplus Insurance Company is an Illinois domiciled surplus lines insurer doing business in Washoe County, Nevada ("Axis").

3. United does not know the true names and capacities of defendants sued as DOES 1 through 10, inclusive, and therefore sues these defendants by fictitious names. United is informed and believes, and thereon alleges, that each of these fictitiously named defendants is responsible in some actionable manner for the damages alleged. United

Page 1

RECEIVED
APR 27 2022
DIVISION OF INSURANCE
STATE OF NEVADA

requests leave of Court to amend its Complaint to name the defendants specifically when their identities become known.

## GENERAL ALLEGATIONS

**A.    The Underlying Lawsuit.**

4.    In May 2011, Urban Outfitters, Inc. ("Urban") contracted with United (and other parties) for the construction of a warehouse distribution and fulfillment center in Reno, Nevada. The center would encompass almost 463,000 square feet, as well as associated driveways, parking areas, on-site utilities, and landscaped areas. A certificate of occupancy was issued in February 2012.

5.    Urban claims it later became aware of alleged construction defects on the site, including (a) problems with the roof; (b) heaving, settlement, and cracking of concrete paving; (c) structural failure of exterior stairs and bollards; (d) cracking and vertical displacement of the docking bay structure including cracking of various building components. Urban claims United (among others) is responsible for these alleged damages.

6.    Urban sued United (and other defendants) in March 2021 for various claims arising from the alleged defective construction, including breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and breach of express warranties. That suit is styled, *Urban Outfitters, Inc. v. Dermody Operating Co., et al.*, Nevada District Court No. 3:21-cv-00109-MMD-CLB (the "*Urban Action*").

**B.    The Coverage and Tender to AXIS.**

7.    AXIS provided commercial general liability insurance to United from April 1, 2017 through April 1, 2021, through policy Nos. ACXSP-00098-00 through ACXSP-00098-03 (the "Policies"). United has requested complete copies of the Policies from

RECEIVED
APR 27 2022
DIVISION OF INSURANCE
STATE OF NEVADA

AXIS at least four times (9/20/2021, 10/28/2021, 11/19/2021, 12/27/2021). Although United, as named insured, has a right to a copy of the Policies, AXIS has never responded to that request. Nevertheless, based on United's correspondence from AXIS, which recites certain policy language, and based on standard general liability policy language, United is informed and believes the AXIS Policies contain the following relevant contractual provisions.

8.  First, the insuring agreement of the AXIS Policies obligates AXIS to pay all sums United becomes legally obligated to pay as damages because of "property damage" to which the insurance applies.

9.  Second, these Policies (and Nevada law) impose on AXIS a duty to defend United against any "suit" seeking damages potentially covered by the policy.

10. United tendered the *Urban Action* to AXIS on March 31, 2021. On June 3, 2021, AXIS accepted United's tender under a reservation of rights. AXIS appointed defense counsel to represent United against Urban's lawsuit.

**C.    United's Request for Independent Counsel.**

11. In its June 3, 2021, reservation of rights letter, AXIS reserved the right to deny coverage based on a Known Loss Provision.

12. United does not believe a Known Loss Provision applies. Regardless, its application depends on factual determinations about whether the property damage Urban complains about is a continuation of prior damage or is something different, and when United knew the alleged property damage happened—*i.e.*, whether United knew about it before the AXIS coverage incepted. Because AXIS-appointed defense counsel could steer the answers to these questions in the manner in which the underlying case is defended, the assertion of the Known Loss Provision creates a conflict of interest

Page 3

APR 27 2022
DIVISION OF INSURANCE
STATE OF NEVADA

between AXIS and United, which entitles United to independent counsel of United's choosing at AXIS' expense.

13. United has requested that AXIS provide independent counsel at least six times (9/23/2021, 10/28/2021, 11/19/2021, 12/3/2021, 12/13/2021, 1/31/2022). Like United's request for a copy of the policies, AXIS has never responded.

**D.    United's Request for Reimbursement of Defense Expenses.**

14. After AXIS acknowledged its duty to defend, United submitted a request for reimbursement of United's out-of-pocket defense fees and costs, including expert costs, that United incurred for legal services performed from March 2021 through August 2021. United submitted all supporting invoices for the relevant vendors: Simons Hall Johnson PC (defense counsel), Holland & Hart (expert), and Trinity ERD (expert). These fees and costs exceed $100,000.

15. United has requested reimbursement of these fees and costs at least ten times from Axis (9/2/2021, 9/20/2021, 9/21/2021, 9/23/2021, 10/28/2021, 11/19/2021, 11/29/2021, 12/13/2021, 12/27/2021, 1/31/2022). Like United's requests for a copy of the Policies and for independent counsel, AXIS has never responded to these requests.

**FIRST CAUSE OF ACTION**
**(Breach of Contract—Reimbursement of Defense Costs)**

16. United realleges and incorporates all preceding paragraphs as though fully set forth herein.

17. United has performed all conditions on its part to be performed under the AXIS policies.

18. AXIS has a contractual duty to defend United under the AXIS Policies because United is a named insured under those policies and because the claims asserted against United in the *Urban Action* are potentially covered under those Policies. AXIS

Page 4

RECEIVED
APR 27 2022
DIVISION OF INSURANCE
STATE OF NEVADA

has acknowledged this duty and has accepted United's defense under a reservation of rights.

19. As part of its duty to defend, AXIS is obligated to reimburse United for defense fees and costs, including expert fees, that United incurred at its own expense.

20. AXIS has failed and refused to perform its obligations under the Policies by failing and refusing to reimburse United for the defense fees and costs United incurred in defense of the *Urban Action*.

21. As a direct and proximate result of AXIS' breach of its contractual duties to United, United has suffered damage by having to retain counsel, at its own expense, to defend it against the *Urban Action*, and by having to expend costs associated with that defense.

## SECOND CAUSE OF ACTION
### (Breach of Contract—Independent Counsel)

22. United realleges and incorporates all preceding paragraphs as though fully set forth herein.

23. United has performed all conditions on its part to be performed under the AXIS Policies.

24. AXIS has a contractual duty to defend United under the AXIS Policies because United is a named insured under those policies and because the claims asserted against United in the *Urban Outfitters* action are potentially covered under those Policies. AXIS has acknowledged this duty and has accepted United's defense under a reservation of rights.

25. As part of its duty to defend, AXIS is obligated to provide United with independent counsel because AXIS' assertion of the Known Loss Provision creates a conflict of interest between AXIS and United.

RECEIVED
APR 27 2022
DIVISION OF INSURANCE
STATE OF NEVADA

26. AXIS has failed and refused to perform its obligations under the Policies by failing and refusing to provide independent counsel of United's choosing at AXIS' expense.

27. As a direct and proximate result of AXIS' breach of its contractual duties to United, United has suffered damage by having to retain personal counsel, at its own expense, to defend it against the *Urban* action, and by having to expend costs associated with that defense. The amount of those damages is escalating on a daily basis.

### THIRD CLAIM FOR RELIEF
### (Contractual Breach of the Covenant of Good Faith and Fair Dealing)

28. United realleges and incorporates all preceding paragraphs as though fully set forth herein.

29. The parties entered into the Policies.

30. AXIS owes a duty of good faith and fair dealing to United arising from these contracts.

31. AXIS has breached its duty of good faith and fair dealing by performing in a manner that was unfaithful to the purpose of the Policies, and which contravened the intention and spirit of these contracts.

32. AXIS breached the covenant of good faith and fair dealing by, among other things, (i) failing to affirm or deny coverage for the *Urban Action* within a reasonable time; (ii) failing to timely notify United of any basis for denial of coverage within a reasonable time; (iii) failing to timely investigate United's tender for coverage of the *Urban Action*; (iv) failing to acknowledge and act reasonably promptly upon receipt of the demand for coverage of the *Urban Action*; (v) refusing to respond to United's multiple requests for copies of the Policies; (vi) failing to provide United with copies of the Policies; (vii) failing to respond to United's multiple requests for reimbursement of legal expense and costs

RECEIVED
APR 27 2022
DIVISION OF INSURANCE
STATE OF NEVADA

incurred in defending against claims asserted against United in the *Urban Action*; (ix) refusing to provide United with independent counsel; and (x) forcing United to initiate this litigation to recover amounts due to it under the Policies.

33. United's justified expectations were thus denied as a result of AXIS' contractual breaches of the covenants of good faith and fair dealing.

34. As a consequence of AXIS' conduct, United has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00) and is entitled to recover its reasonable and necessary attorney's fees and costs incurred in this action.

### FOURTH CLAIM FOR RELIEF
**(Tortious Breach of the Covenant of Good Faith and Fair Dealing)**

35. United realleges and incorporates all preceding paragraphs as though fully set forth herein.

36. The parties entered into the Policies.

37. AXIS owes a duty of good faith and fair dealing to United arising from these contracts.

38. Nevada law recognizes that AXIS shares a special, fiduciary and/or confidential relationship with United as United's insurer.

39. AXIS tortiously breached the duty of good faith and fair dealing by performing in a manner that was unfaithful to the purpose of the contract, and which contravened the intention and spirit of the contract.

40. AXIS tortiously breached the covenant of good faith and fair dealing by, among other things, (i) failing to affirm or deny coverage for the *Urban Action* within a reasonable time; (ii) failing to timely notify United of any basis for denial of coverage within a reasonable time; (iii) failing to timely investigate United's tender for coverage of the *Urban Action*; (iv) failing to acknowledge and act reasonably promptly upon receipt of

Page 7

the demand for coverage of the *Urban Action*; (v) refusing to respond to United's multiple requests for copies of the Policies; (vi) failing to provide United with copies of the Policies; (vii) failing to respond to United's multiple requests for reimbursement of legal expense and costs incurred in defending against claims asserted against United in the *Urban Action*; (ix) refusing to provide United with independent counsel; and (x) forcing United to initiate this litigation to recover amounts due to it under the Policies.

41. United's justified expectations were thus denied as a result of AXIS' tortious breaches of the covenants of good faith and fair dealing.

42. As a consequence of AXIS' conduct, United has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00) and is entitled to recover its reasonable and necessary attorney's fees and costs incurred in this action.

43. When AXIS's actions were performed, it acted with oppression, fraud and malice and/or with the willful, intentional and reckless disregard of United's rights and interest, and, therefore, United is entitled to punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

**FIFTH CLAIM FOR RELIEF**
**(Unfair Claims Practice NRS Chapter 686A.)**

44. United realleges and incorporates all preceding paragraphs as though fully set forth herein.

45. As described herein, AXIS's conduct constitutes an unfair claims practice pursuant to, among other violations, the following provisions of NRS 686A.310(1):

. . .

    (b)    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

Page 8

RECEIVED APR 27 2022 DIVISION OF INSURANCE STATE OF NEVADA

(c) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

(d) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.

(e) Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.

(f) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

. . .

(n) Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim.

46. As a consequence of AXIS's conduct, United has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00) and is entitled to recover its reasonable and necessary attorney's fees and costs incurred in this action.

47. When AXIS's actions were performed, it acted with oppression, fraud and malice and/or with the willful, intentional and reckless disregard of United's rights and interest, and, therefore, United is entitled to punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

## SIXTH CAUSE OF ACTION
### (Declaratory Relief)

48. United realleges and incorporates all preceding paragraphs as though fully set forth herein.

49. There exists a current justiciable controversy between United and AXIS regarding their rights and obligations under the Policies.

RECEIVED APR 27 2022 DIVISION OF INSURANCE STATE OF NEVADA

50. Pursuant to NRS 30.030 and 30.040 United is entitled to seek declaratory relief as requested.

51. This controversy is ripe for adjudication.

52. United seeks a declaration from this Court setting forth United's rights and entitlement to the following contractual and/or legal relief:

    a. payment to United for its legal fees and costs incurred in defending itself in the Urban Action;

    b. retention and payment to United for its legal fees and costs incurred in defending itself in the *Urban Action*;

    c. AXIS' conduct described herein constitutes a breach of the Policies; and

    d. AXIS' conduct described herein constitutes a breach of NRS 686A's statutory obligations owed by AXIS to United.

53. As a consequence of AXIS's conduct, United has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00) and is entitled to recover its reasonable and necessary attorney's fees and costs incurred in this action.

WHEREFORE, United prays for the following relief against AXIS:

1. For damages in excess of $15,000;

2. For punitive damages according to proof in excess of $15,000;

3. For prejudgment interest;

4. For declaratory relief as requested;

5. For an award of its attorney's fees and costs; and

6. For such other relief as this Court deems just and proper.

Page 10


RECEIVED APR 27 2022 DIVISION OF INSURANCE STATE OF NEVADA

**AFFIRMATION:** The undersigned hereby affirms that the preceding document does not contain the Social Security number of any person.

DATED this 1st day of April, 2022

        SIMONS HALL JOHNSTON, PC
        690 Sierra Rose Drive
        Reno, NV 89511

        MARK G. SIMONS
        *Attorneys for United Construction Company*



RECEIVED
APR 27 2022
DIVISION OF INSURANCE
STATE OF NEVADA

# EXHIBIT B

RECEIVED
APR 27 2022
12:30 p.m.
DIVISION OF INSURANCE
STATE OF NEVADA

Code: 4085

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

UNITED CONSTRUCTION COMPANY,
  Plaintiff / Petitioner / Joint Petitioner,

vs.

AXIS SURPLUS INSURANCE CO., et al.,
  Defendant / Respondent / Joint Petitioner.

Case. No. CV22-00537
Dept. No. 15

## SUMMONS

**TO THE DEFENDANT: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND IN WRITING WITHIN 21 DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.**

A civil complaint or petition has been filed by the plaintiff(s) against you for the relief as set forth in that document (see complaint or petition). When service is by publication, add a brief statement of the object of the action.

The object of this action is: Breach of Contract

1. If you intend to defend this lawsuit, you must do the following within 21 days after service of this summons, exclusive of the day of service:
   a. File with the Clerk of the Court, whose address is shown below, **a formal written answer** to the complaint or petition, along with the appropriate filing fees, in accordance with the rules of the Court, and;
   b. Serve a copy of your answer upon the attorney or plaintiff(s) whose name and address is shown below.
2. Unless you respond, a default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the complaint or petition.

Dated this 4th day of APRIL, 20 22.

Issued on behalf of Plaintiff(s):
Mark G. Simons
Name: Simons Hall Johnston PC
Address: 6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509
Phone Number: 775-785-0088
Email: MSimons@SHJNevada.com

ALICIA L. LERUD
CLERK OF THE COURT
By: /s/ CHERYL SULEZICH
   Deputy Clerk
Second Judicial District Court
75 Court Street
Reno, Nevada 89501

1

REV 4/27/21 JDB

SUMMONS